UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ADIL HIRAMANEK,<br>　　　　Defendant. | Case No. 17-cv-03392-BLF<br><br>**ORDER RE RESPONDENT'S OBJECTIONS TO PETITIONER'S REQUEST FOR ISSUANCE OF OSC, ECF 59** |

Respondent has filed a "Motion to (1) Enforce Rule 4(m) & Rule 41(b); (2) To Stop Petitioner's Delay Tactics, (3) To Permit Respondent to Respond Prior to Issuance of an OSC." ECF 59. The Court construes this as Respondent's objection to Petitioner's request for issuance of an amended Order to Show Cause ("OSC"). Thus, the hearing noticed for September 28, 2017 is hereby VACATED. For the reasons below, Respondent's objections are overruled.

First, Respondent requests the Court to limit Petitioner's time to serve the petition to 90 days from the original filing of the petition which occurred on June 12, 2017. The Court notes that the original 90 days has not yet run. Moreover, whether the time runs from the original filing or the amended filing is not dispositive, since Federal Rule of Civil Procedure 4(m) allows the court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Petitioner requested additional time for service, and the Court finds Petitioner's request to serve the petition and amended OSC on Respondent on or before October 26, 2017 to be reasonable and not "limitless" as Respondent suggests. The dates in the OSC also provide Respondent with ample time to respond to the petition prior to the hearing on January 25, 2017. The Court also declines Respondent's request that the Court *sua sponte* dismiss this action for failure to prosecute under Rule 41(b). Petitioner has not demonstrated a lack of diligence in prosecuting this case but rather

has articulated its reasons for failure to serve and detailed its repeated attempts to serve Respondent. ECF 27.

Respondent also requests an opportunity to respond to the petition before the Court issues an OSC. Respondent argues that the "proper sequence" in an enforcement proceeding allows Respondent an opportunity to impeach Petitioner's prima facie case once the petition is served *before* the Court issues an OSC. Moreover, Respondent argues that the Court lacks jurisdiction over Respondent to issue the OSC. For the reasons below, Respondent's motion to respond prior to issuance of an OSC is DENIED.

The Court can find no support for Respondent's position that the petition must be served and Respondent be given a chance to "impeach" Petitioner's prima facie case before the Court issues an OSC. Rather, to enforce an IRS summons, the Government must establish that its use of the summons is "in good-faith pursuit" of the purposes authorized by Congress. *United States v. LaSalle National Bank,* 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978). The Court considers the factors set forth in *United States v. Powell* to determine if the Government has established its prima facie case of good faith. 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-255, 13 L.Ed.2d 112 (1964). "A prima facie case for judicial enforcement is established by a 'minimal' showing that the good-faith requirement has been met, and is typically made…through the introduction of the sworn declaration of the IRS agent who issued the summons." *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1344–45 (9th Cir. 1983) (internal citations omitted).

The Ninth Circuit has made clear the proper procedure for the district court to follow upon the Government's establishment of its prima facie case:

> Once the IRS has established its good faith, the district court issues an order requiring the taxpayer to show cause, at an enforcement hearing, why the summons should not be enforced. *The district court acquires personal jurisdiction over the taxpayer by service of the show cause order and the petition for enforcement of the summons.* Service must be made in compliance with Rule 4 of the Federal Rules of Civil Procedure.

*United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993) (emphasis added) (internal citations and quotations omitted); *see also Samuels, Kramer & Co.*, 712 F.2d at 1345 ("Once the Government has established its prima facie case, the district court issues an order requiring the

2

party on whom the summons has been served to show cause, at an enforcement hearing, why compliance with the summons should not be required."); *accord United States v. Bichara*, 826 F.2d 1037, 1039 (11th Cir. 1987) (holding that district court should issue an order to show cause upon preliminary showing by IRS, and the "district court could then acquire personal jurisdiction over [respondent] by the service of the show cause order and the petition for enforcement of the summons.").

Here, the sworn declaration by Revenue Agent Oertel satisfied Petitioner's "minimal" showing that the good-faith requirement had been met. *See United States v. Abrahams,* 905 F.2d 1276, 1280 (9th Cir.1990). Thus, it is proper for the Court to issue a show cause order to Respondent, ordering him to appear and show cause why the summons should not be enforced. *See Gilleran*, 992 F.2d at 234 (9th Cir. 1993). "In enforcement proceedings under section 7604, a petition followed by a show cause order is treated as a complaint." *United States v. Pritchard*, 438 F.2d 969, 971 (5th Cir. 1971) (citing *Wild v. United States*, 362 F.2d 206, 209 (9th Cir. 1966)). Therefore, Respondent is incorrect that the petition alone must be served on him to establish personal jurisdiction and to provide him an opportunity to respond *prior to* any issuance of an OSC. As explained above, the Court acquires personal jurisdiction over Respondent upon proper service of the petition and OSC together. Respondent then has the opportunity to respond to the "complaint" (here, the petition followed by a show cause order) and at that point Respondent may challenge Petitioner's prima facie case for judicial enforcement of the IRS summons, or challenge the summons on any other appropriate ground. *See Gilleran*, 992 F.2d at 233 ("[T]he proper manner to test the enforceability of the IRS summons is through an adversary proceeding initiated by the service of process.") (quoting *Bichara*, 826 F.2d at 1039). In response to an order to show cause, "[i]f the taxpayer is able to make a sufficient showing of bad faith on the Government's part, the taxpayer is entitled to a limited evidentiary hearing." *Samuels, Kramer & Co.*, 712 F.2d 1342, 1346–47 (9th Cir. 1983).

The cases cited by Respondent in the instant motion do not support his argument that he has a right to respond to the petition before issuance of the OSC. Rather, these cases all followed the procedures described above. In *United States v. Samuels, Kramer & Co*., the district court

3

reviewed the IRS's prima facie case for enforcement of the IRS summons and issued a show cause order. 712 F.2d 1342, 1345 (9th Cir. 1983). The taxpayer was then given the opportunity to *rebut* the Government's prima facie case, not to challenge it before an OSC was issued. *Id*. at 347-48. Likewise in *United States v. Pritchard*, the phrase "a petition followed by a show cause order" does not mean that the "proper sequence" is for the petition to be served separately from the OSC. 438 F.2d 969, 971 n.4 (5th Cir. 1971). Rather, the Government must file a petition and establish its prima facie case in order to obtain the order to show cause. The petition and the OSC, served together, are then treated as the complaint in the enforcement proceeding. *Id*. (citing *Wild*, 362 F.2d at 209).

In *United States v. Malhas*, the respondent appeared in the proceeding before the issuance of an OSC and raised a "lack of possession" defense to the Government's petition and motion for an OSC. No. 15-cv-3932, 2015 WL 6955496, at *1 (N.D. Ill. Nov. 10, 2015). The court originally dismissed the petition and denied the Government's request for an OSC in light of the respondent's contrary evidence in supporting affidavits. *Id*. Here, in contrast, Respondent continues to assert lack of personal jurisdiction and ineffective service of the petition. He argues that *Malhas* stands for the proposition that a response to the petition is an "additional step/layer" before the issuance of an OSC, and that once the petition is served on Respondent he should be allowed to appear and contest it to prevent an OSC from issuing. *Malhas* does not stand for such a bifurcated procedure, and the case says nothing about jurisdiction or service of the petition and OSC. *Id*. at *2-3. In this case, once Petitioner serves Respondent with the petition and OSC pursuant to Federal Rule of Civil Procedure 4, conferring this Court's jurisdiction over Respondent, the appropriate time for Respondent to challenge the Government's prima facie case will be in response to the OSC at the enforcement hearing.

Finally, as of the time of this Order, Respondent has not been served in compliance with Rule 4 and thus is not properly before the Court. As such, the Court granted Respondent's motion to dismiss for lack of personal jurisdiction with leave to amend. ECF 55. However, throughout this case Respondent has repeatedly filed motions and documents that raise issues beyond jurisdictional arguments which could be construed as a general appearance. Respondent is advised

4

that if he wishes to preserve his argument that the Court lacks personal jurisdiction over him, he shall stop filing and calling upon the Court to respond to his requests unless and until he is properly served with the petition and OSC. Further requests and filings may jeopardize Respondent's position.

The Court has issued an OSC and set a hearing on the OSC for January 25, 2018. Petitioner is ordered to serve the OSC together with the petition in accordance with Rule 4 on or before October 26, 2017. The Court will take no further action until Petitioner files a proof of service establishing that the enforcement matter is properly before the Court or requests a further extension of time due to inability to personally serve Respondent. Of course, Petitioner will be required to make a proper showing that such relief is justified.

**IT IS SO ORDERED.**

Dated: August 22, 2017

_____
BETH LABSON FREEMAN
United States District Judge