UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Petitioner,<br>v.<br>ADIL HIRAMANEK,<br>Respondent. | Case No. 17-cv-03392-BLF<br><br>**ORDER DENYING RESPONDENT'S MOTION TO PROCEED ANONYMOUSLY; DENYING MOTION TO SEAL**<br><br>[Re: ECF 38] |

Before the Court is Respondent Adil Hiramanek's ("Respondent") "Motion to Proceed Anonymously, or Seal the Case, or Request for a Narrowly Tailored Sealing." *See* ECF 38. On July 26, 2017, the Court denied Respondent's motion to seal documents without prejudice. ECF 35. Respondent submitted a renewed motion requesting the Court to (1) allow Respondent to proceed anonymously; (2) order the entirety of this case and its related case, 17-cv-03389-BLF, to be sealed from the public; (3) seal identified entire documents in each case ("seal preference #1"); or (4) permit identified redactions ("seal preference #2"). Petitioner the United States of America ("Petitioner") opposed Respondent's motion. ECF 45.

The Court has previously reserved ruling on this motion to seal in light of the fact that Respondent continued to contest that he has not been served in compliance with Rule 4 and thus is

not properly before the Court. As such, the Court granted Respondent's motion to dismiss for lack of personal jurisdiction with leave to amend. *See* ECF 55. Respondent has continuously filed numerous documents in this case and related Case No. 17-cv-03389, including the instant motion to proceed anonymously, that the Court warned Respondent raised issues beyond jurisdictional arguments that could be construed as a general appearance. *See* ECF 61. After his motion to dismiss for lack of personal jurisdiction was granted, Respondent then "disengaged" from the two cases and "waited to be 'properly' served." *See* ECF 65 at 1.

All of the documents submitted by Respondent in this case have remained sealed pending a ruling on the instant motion. As the Court has now scheduled an evidentiary hearing on Respondent's renewed motion to dismiss for lack of personal jurisdiction, ECF 77, the Court also turns to Respondent's pending sealing motion in order to address his insistence that this case, including the upcoming evidentiary hearing, must be entirely closed to the public. For the reasons discussed below, the Court DENIES Respondent's motion to proceed anonymously and DENIES his motion to seal.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.

Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

### III. DISCUSSION

#### A. Request to Proceed Anonymously

The Court has reviewed Respondent's motion and declaration in support thereof. *See* ECF

3

38, 38-1. Respondent's primary request in this motion is to proceed anonymously. The Court DENIES Respondent's motion, as Respondent's circumstances do not implicate a privacy interest that overrides the public's interest in open court proceedings.

Litigants may preserve their anonymity in judicial proceedings only "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000). Thus, the Ninth Circuit instructs district courts to conduct a balancing test to determine whether a party may proceed anonymously in judicial proceedings. *Id* at 1068. Moreover, the Ninth Circuit has only deemed this balancing test met in three situations in which parties have been allowed to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.*, 214 F.3d at 1068. Respondent has not established that his case falls into any of these categories, and the Court does not find this to be an exceptional or unusual case that warrants anonymity.

Even in the versions of his documents filed under seal, Respondent heavily redacted the evidence in support of his motion to proceed anonymously. For example, the Court is unable to review the content of the exhibits to Respondent's declaration in support of his motion. *See* ECF 38-1, 41-1. From what the Court can gather from the unredacted portions of Respondent's filings, the thrust of Respondent's argument is that the publication of his identity and financial circumstances in this case will increase the risk of harm to Respondent from unnamed "predators" and their "agents." ECF 38. Respondent's declaration in support of his motion to seal states that he is at imminent risk of harm and irreparable injury from "certain individuals." ECF 38-1. In support of this contention, Respondent refers to a redacted temporary restraining order and a redacted final restraining order from the state of New Jersey issued over 20 years ago. *See* Case No. 17-cv-03389, ECF 40. Respondent also describes an assault in April 2009 by an unnamed "perpetrator" against an elder affiliated with Respondent. Respondent further declares that he has

4

been a victim of "physical & non-physical abuse by two predators and their agents." ECF 38-1. Respondent claims to receive death threats and harassment by said "perpetrator" and the "perpetrator's agent." *Id.*

The Court has the discretion to decide whether to permit a party to proceed anonymously. *See Advanced Textile Corp.*, 214 F.3d at 1068. Here, the facts presented to the Court do not amount to a risk of "retaliatory" harm. *Id.* Unlike the plaintiffs in *Advanced Textile*, the risk of harm to Respondent is entirely unrelated to his involvement in this case. As alleged in the unredacted portions of his filings, Respondent has faced threats for over two decades from unnamed "predators" with no involvement in this judicial enforcement proceeding by the IRS. ECF 38. In contrast, the plaintiffs in *Advanced Textile* were foreign garment workers who feared that the disclosure of their involvement in a labor class action against their employers would subject them to deportation and arrest by the Chinese government. 214 F.3d at 1065.

Furthermore, Respondent's reliance on *Anonymous v. C.I.R.*, 127 T.C. 89 (2006) is misplaced. In *C.I.R.*, the court held that the petitioner, a foreign national, could proceed anonymously because if his identity or financial circumstances were disclosed, the safety of petitioner and his family would be in jeopardy from the "rampant" kidnapping problem in petitioner's home country. The court determined that in this "unique" situation the petitioner had sufficiently demonstrated a risk of severe harm that outweighed the risk of prejudice to the respondent and the public's interest in access to judicial records. *Id.* at 94. Respondent has not made such a showing in this case. The unredacted portions of Respondent's declaration and exhibits do not demonstrate that Respondent faces "retaliation" or imminent harm as a direct result of his public involvement in this case. Furthermore, unlike the parties permitted to proceed anonymously in the cases above, Respondent resides in the United States of America where the rule of law protects citizens and residents from the types of threats Respondent fears, as evidenced by the restraining orders he was able to secure against the "predator."

The Court also does not find that this matter—a proceeding to enforce an IRS summons—is a matter of "sensitive and highly personal nature." *Advanced Textile,* 214 F.3d at 1068 at 3. "The most compelling situations [in which anonymity is permitted] involve matters which are

highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Doe v. Rostker,* 89 F.R.D. 158, 162 (N.D. Cal. 1981). In other words, there must be a strong social interest in concealing a party's identity or a connection between the alleged injury and participation in the litigation, neither of which is present in this case. *Id*.

The Court also determines that "the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Advanced Textile,* 214 F.3d at 1068. Respondent has not cited to any persuasive authority on the issue of anonymity in a proceeding to enforce an IRS summons, and he has not convincingly articulated any real or threatened injury to him that will occur *as a result* of his identity being disclosed in the context of these proceedings. The Court notes that in this district alone, Respondent has been involved in at least three cases that publicly bear his name, further undermining his request to proceed anonymously in this proceeding. *See* Hiramanek et al v. Clark et al. 3:13-cv-00228; The People of the State of California v. Hiramanek 5;14-cv-4640; Hiramanek v. California Judicial Council et al. 5:15-cv-04377. The Court finds that permitting anonymity in this context "runs afoul of the public's common law right of access to judicial proceedings." *Id.* at 1067.

### B. Motion to Seal

In the alternative to proceeding anonymously, Respondent renews his request to seal this case and the related case 17-cv-03389-BLF. Respondent provides the Court with three options: to seal the cases in their entirety, to seal a number of documents in their entirety, or to seal portions of each document identified in Respondent's chart. *See* ECF 38.

Respondent's renewed motion still fails to articulate compelling reasons for the Court to seal these cases in their entirety. A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). Respondent provides a "sealing preferences" chart that divides documents between those that are "dispositive" and those that are "non-dispositive" in each case. Respondent then articulates two preferences: (1) to seal the identified document in its entirety; or (2) seal portions of the identified document. However, Respondent fails to articulate either good cause or compelling reasons for

any of the sealing requests. In support of Respondent's requests to seal entire documents, he either states that the document is "non-dispositive" and "meets the good cause standard," or is "dispositive" and "meets the compelling standard." ECF 38. Respondent again only identifies high-level categories of sealable information (many of which are inapplicable such as the attorney-client privilege). Furthermore, Respondent's requests to seal the identified documents in their entirety are not "narrowly tailored" to a recognized category of sealable material. Civ. L.R. 79-5(b).

Respondent's final sealing preference and proposed redactions are also insufficient to satisfy the standards governing a motion to seal. The Court has reviewed the extensive list of redactions set forth by Respondent and concludes that Respondent does not satisfy the applicable standard to seal the identified portions of the documents. For example, Respondent requests that the title of the now discharged Order to Show Cause be redacted so as not to include the words "Enforcement of Internal Revenue Summons." Respondent provides no reasoning as to why this information is "sealable." In fact, Respondent seeks to redact virtually all references to the IRS summons and the IRS's efforts to locate Respondent. Respondent's proposed redactions include this Court's references in its orders to the IRS summons underlying this case, which unquestionably requires "compelling reasons" to seal. Respondent fails to articulate any compelling reasons to overcome the presumption of public access to the judicial process.

The Court also rejects Respondent's assertion that tax return information cannot be published in a summons enforcement proceeding. As the Government points out, Title 26, United States Code Section 6103 (h)(4)(a) specifically authorizes the IRS to disclose return information in proceedings to determine or collect a taxpayer's liability. *See* ECF 45 at 3. Moreover, Respondent does not articulate compelling reasons to seal information related to the IRS's efforts to locate his residence, or any other information in the documents submitted by the Government. The Court reminds Respondent that he retains the ability to withdraw *his own* documents filed in the record to the extent he is concerned with the confidentiality and privacy of information within them.

For the foregoing reasons, the sealing motion at ECF 38 is DENIED. The Court remains

7

1  amenable to a sealing motion that is narrowly tailored to the redaction of sealable personal
2  information such as Respondent's social security number.  However, Respondent is advised that
3  further requests to seal non-sensitive information will result in denial of his motion *with prejudice*.
4  Should Respondent have a narrowly tailored request to seal supported by compelling reasons, he
5  may renew his motion no later than 10 days from the filing of this order.  If the motion is not
6  renewed in time or if no declaration is submitted within four days of the filing of the renewed
7  motion, Respondent's unredacted documents shall be filed in the public record.  Civil L.R. 79-
8  5(e)(1), (2).

10  **IT IS SO ORDERED.**

12  Dated:  November 30, 2017

_____
BETH LABSON FREEMAN
United States District Judge